1  McGREGOR W. SCOTT
United States Attorney
2  LAURA D. WITHERS
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

5

6  Attorneys for Plaintiff
United States of America

7

8

IN THE UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:20-CR-00117-NONE-SKO

12                          Plaintiff,     STIPULATION TO CONTINUE STATUS
                                           CONFERENCE AND EXCLUDE TIME PERIODS
13                      v.                 UNDER SPEEDY TRIAL ACT; FINDINGS AND
                                           ORDER
14  JEFFREY SCOTT HEDGES,
                                           DATE: February 17, 2021
15                          Defendant.     TIME: 1:00 a.m.
                                           COURT: Hon. Sheila K. Oberto
16

17        This case is set for status conference on February 17, 2021.  On May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California "until further

19  notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22  May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23  were entered to address public health concerns related to COVID-19.

24        Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27  _____

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                1
PERIODS UNDER SPEEDY TRIAL ACT

1    findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2    record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3    failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4    (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5    findings on the record "either orally or in writing").

6         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7    and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8    emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9    judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11   § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12   the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23   by the statutory rules.

24        In light of the societal context created by the foregoing, this Court should consider the following

25   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26   justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

27   _____

28   [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          2
PERIODS UNDER SPEEDY TRIAL ACT

1  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2  pretrial continuance must be "specifically limited in time").

3                                          **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6          1.      By previous order, this matter was set for status on February 17, 2021.

7          2.      By this stipulation, the parties now move to continue the status conference until June 30,

8  2021, and to exclude time between February 17, 2021, and June 30, 2021, under 18 U.S.C.

9  § 3161(h)(7)(A), B(iv) [Local Code T4].

10         3.      The parties agree and stipulate, and request that the Court find the following:

11                 a)      The government has represented that the discovery associated with this case has

12         been either produced directly to counsel and/or made available for inspection and copying.

13                 b)      Counsel for defendant desires additional time to review voluminous discovery,

14         consult with his client, conduct investigation, and explore potential resolution with government

15         counsel in this case and in another pending criminal case in the Central District of California.

16                 c)      Counsel for defendant believes that failure to grant the above-requested

17         continuance would deny him the reasonable time necessary for effective preparation, taking into

18         account the exercise of due diligence.

19                 d)      The government does not object to the continuance.

20                 e)      Based on the above-stated findings, the ends of justice served by continuing the

21         case as requested outweigh the interest of the public and the defendant in a trial within the

22         original date prescribed by the Speedy Trial Act.

23                 f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

24         et seq., within which trial must commence, the time period of February 17, 2021 to June 30,

25         2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

26         T4] because it results from a continuance granted by the Court at defendant's request on the basis

27         of the Court's finding that the ends of justice served by taking such action outweigh the best

28         interest of the public and the defendant in a speedy trial.

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4    IT IS SO STIPULATED.

5

6

7  Dated:  February 5, 2021                    McGREGOR W. SCOTT
                                              United States Attorney

8

9                                             /s/ LAURA D. WITHERS
                                              LAURA D. WITHERS
                                              Assistant United States Attorney

10

11

12  Dated:  February 5, 2021                   /s/ DANIEL A. BACON
                                              DANIEL A. BACON
                                              Counsel for Defendant

13                                            JEFFREY SCOTT HEDGES

14

15                        **FINDINGS AND ORDER**

16

17  IT IS SO ORDERED.

18  Dated:   **February 5, 2021**                /s/ *Sheila K. Oberto*

19                                            UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT                    4