# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY SCOTT HEDGES,<br><br>　　　　Defendant. | Case No.  1:20-cr-00117-NONE-SKO<br><br>ORDER FOLLOWING CONTESTED HEARING ON PRETRIAL VIOLATION PETITION AND REMANDING DEFENDANT INTO CUSTODY<br><br>(ECF Nos. 35, 36, 37) |

On July 29, 2020, Defendant Jeffrey Scott Hedges ("Defendant") was released on bond subject to conditions of pretrial release. (ECF Nos. 8, 9, 10.) Additional conditions of release were imposed on December 21, 2020, and on December 28, 2020. (ECF Nos. 24, 26.) On July 30, 2021, an amended pretrial release violation petition ("Petition") was filed as to Defendant and the Court ordered the matter set for August 5, 2021, and ordered Defendant to physically appear on such date. (ECF No. 35.) On August 5, 2021, Defendant made an initial appearance on the Petition. (ECF No. 36.) The Defendant entered a denial on the charges in the Petition and the matter was set for a contested pretrial violation hearing for August 18, 2021. (Id.) The Government sought detention of the Defendant pending the contested hearing. The Court denied the Government's request and ordered Defendant to remain released on pretrial service conditions as previously set by the Court, and ordered Defendant to appear on August 18, 2021. (Id.)

1       The Petition alleged two violations of Defendant's conditions of release.  First, beginning
2  on March 8, 2021, and each month thereafter, Defendant was required to submit complete
3  monthly statements from every bank, credit, or any other type of financial account to which he
4  has access.  On May 17, 2021, Pretrial Services was made aware of a bank account that
5  Defendant failed to disclose to Pretrial Services as a result of a check which was returned for
6  non-sufficient funds.  (ECF No. 35.)  Second, on June 24, 2021, as a result of a search and
7  seizure of the Defendant's one pre-approved cell phone, Pretrial Services discovered a second
8  cell phone on which the defendant had opened service in his name and on which he was
9  soliciting others to contact him.  (Id.)

10      On August 18, 2021, a contested hearing on the Petition was held before the undersigned.
11 (ECF No. 37.)  Counsel Laura Withers appeared for the Government and counsel Daniel Bacon
12 appeared for Defendant.   Pretrial Service Officer Alex Le presented testimony.   After
13 presentation of evidence and testimony at the contested hearing, the Court found that the
14 Government proved Defendant's violation of his pretrial release conditions by clear and
15 convincing evidence.  In consideration of the violations demonstrated during the August 18,
16 2021 contested hearing, as well as prior violations found by the undersigned on December 23,
17 2020, the Court further found that no additional conditions could be set that would reasonably
18 ensure Defendant's appearance and the safety of the community, and that Defendant would not
19 abide by such conditions if imposed given his history before this Court.  Accordingly, the Court
20 ordered Defendant detained and remanded into the custody of the U.S. Marshals for the
21 pendency of this action.

22      At the hearing, the Government argued Pretrial Services has inherent authority to impose
23 reasonable conditions to verify compliance.  Defendant argued that Sections 3142 and 3148
24 specifically state that it is the judicial officer that must issue the conditions that Defendant must
25 comply with and that there must have been a violation of.  See 18 U.S.C. § 3142 (h)(1)("the
26 judicial officer shall . . . include a written statement that sets forth all the conditions to which the
27 release is subject, in a manner sufficiently clear and specific to serve as a guide for the person's
28 conduct."); 18 U.S.C. § 3148(b)(1)(A) ("clear and convincing evidence that the person has

2

violated any other condition of release"). On July 29, 2020, the Court imposed the condition that Defendant must report on a regular basis to Pretrial Services and "comply with their rules and regulations." (ECF No. 10 at 2.) On the same date, the Court imposed the condition that Defendant could "not engage in any work, via West Coast Chassis LLC or any other business or means, which causes you to accept money, or any other things of value, from customers in exchange for providing a future service." (Id.) On December 28, 2020, the Court imposed the condition that Defendant's "only source of income shall be from employment as an employee at a business as approved by Pretrial Services, and that if you leave that employment you shall notify the Pretrial Services officer of your leaving within 24 hours of your departure from that employment, and shall continue to seek future employment under the same conditions." (ECF No. 26 at 2.) The same date, the Court imposed the condition that Defendant could "not use or possess a computer or any device capable of accessing the Internet in your residence or at any other location unless otherwise approved by the pretrial services officer, with the exception of one pre-approved cell phone which will be subject to search." (Id.) Additionally on the same date, the Court imposed the condition that Defendant was to "submit to search of his/her person and/or property, including computer hardware and software, by Pretrial Services." (Id.) Finally, the December 28, 2020 order also specified that "all other conditions of release previously ordered not in conflict with this order shall remain in full force and effect." (Id.)

As to Defendant's arguments, Pretrial Service officers have the ability to make necessary and proper requests to ensure compliance by Defendant of the terms and conditions as imposed by the Court, and the Court expressly ordered Defendant to comply with their rules and regulations. The Court finds the request made by the Pretrial Services as to the Defendant's financial statements falls within those rules and regulations and ability to ensure compliance with the conditions, as it was a necessary and proper requirement to ensure compliance with the conditions pertaining to employment and sources of income. Pretrial Services made this directive in writing to the Defendant, and thus Defendant was on notice; and the request was clear and ambiguous as Defendant seemed to partially comply with the directive by supplying some financial instruments but failed to provide other bank statements, as shown by clear and

convincing evidence. Further, as the Government highlighted, Defendant is subject to the condition of searches of his property, and his bank accounts and statements are part of his property. Additionally, there is no question that the condition regarding one pre-approved cell phone was issued by the Court, and that was also shown to be violated by clear and convincing evidence.

Lastly, at the hearing counsel for the defense argued that there was basically an inherent inconsistency in how Pretrial Services enforced the Defendant's conditions of release (times when they did not need to obtain court permission prior to an action and times where they needed prior court permission). Here, this alleged "inherent inconsistency" is that the Pretrial Services Officer did not have to seek prior court permission in order to obtain Defendant's financial records (as a means to supervise the employment release condition), but did have to obtain prior court permission when the Defendant requested an overnight stay in Fresno at another person's house prior to the August 18, 2021 contested hearing. However, there existed no inconsistency in Pretrial Services' application of the Defendant's release conditions. The pertinent condition of release regarding an overnight stay allows for Pretrial Service approval if that request was made 72 hours prior to the stay. See Condition 7(b) of December 28, 2020 order (ECF No. 26 at 2). This condition provides that Defendant must:

> reside at a location approved by the pretrial services officer and not move or absent yourself from this residence for more than 24 hours within the prior approval of the pretrial services officer. Additionally, no one must reside overnight at this residence without approval by Pretrial Services at least 72 hours prior; travel restricted to Eastern and Central Districts of California, unless otherwise approved in advance by Pretrial Services

(Id.) While the 72 hour requirement is directly attached to the clause restricting others from residing "overnight at this residence," "this residence" is the current "location approved by the pretrial services officer" where Defendant is residing, however temporarily. Here, Defendant would be residing at a location (the residence) overnight with another person. Defendant made his request on Monday morning for a Tuesday overnight stay, which was approximately 36 hours prior to the overnight stay, and hence, outside their authority under the order, without prior court permission. Thus, Pretrial Services was correct in this assessment and no inconsistency is found.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant shall be detained during the pendency of this case; and
2. Defendant shall appear before Magistrate Judge Sheila K. Oberto on September 29, 2021, at 1:00 p.m. in Courtroom 7.

IT IS SO ORDERED.

Dated: **August 19, 2021**

UNITED STATES MAGISTRATE JUDGE